IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATALIE LONG, Individually, as Heir at
Law, and as Special Administrator of the Estate
of CHARLES RHOTEN, JR., a Deceased
Minor, and as Parent and Natural Guardian of
JENNIFER RHOTEN, a Minor,

        Plaintiff,

vs.                              Case No. 05-1272-JTM

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

        Defendant.

MEMORANDUM AND ORDER

       This is an action to collect uninsured motorist benefits arising from a traffic accident in Wichita, Kansas. On March 28, 2006, the court entered an order denying plaintiff Natalie Long's Motion to Remand, and granting in part and denying in part the defendant St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment. (Dkt. No. 23). St. Paul then filed a Motion for Judgment on the Pleadings, requesting judgment as a matter of law, citing the holding in the court's order that the plaintiff could not recover under the St. Paul policy's uninsured motorist coverage, since the vehicle in question was not uninsured within the meaning of that policy. (Dkt. No. 26).

       After leave to amend the complaint was granted, (Dkt. No. 28), plaintiff filed an Amended Complaint (Dkt. No. 29) which added claims against American Standard Insurance Company of Wisconsin. Defendant St. Paul then filed a Motion to Dismiss (Dkt. No. 35), which sought dismissal of the claims against it pursuant to Fed.R.Civ.Pr. 12(b)(6), on the grounds previously cited in its motion for judgment.

       The defendant St. Paul's motions will be granted. The plaintiff's arguments against the existing

motions are repetitions of the arguments previously advanced –– and rejected by the court –– against St. Paul's summary judgment motion. In its previous order, the court determined that the cases of *Hilyard v. Estate of Clearwater*, 240 Kan. 362, 729 P.2d 1195 (1986) and *Chance v. Farm Bureau Mut. Ins.*, 756 F. Supp 1440 (D. Kan. 1991) rendered the present action not viable. Because the Nowak company pickup truck involved in the accident was covered by an insurance policy issued by St. Paul, it is not an "uninsured vehicle" within the meaning of the policy.

The plaintiff's current attempts to distinguish these decisions are unpersuasive. In *Hilyard*, 240 Kan. at 367, the Kansas Supreme Court explicitly observed that

> K.S.A. 40-284 requires uninsured motorist liability coverage for the insured for injuries resulting from an accident arising out of the ownership, maintenance, or use of a motor vehicle by an 'uninsured owner or operator.' The statute does not contemplate a situation where the 'uninsured owner or operator' is the owner of an automobile liability insurance policy.

Thus, regardless of variations in the policy language in that case and in the present, it is clear that the uninsured motorist statute was not intended to cover a situation such as that presented here. As in *Hilyard*, a contrary result would effectively nullify an important and legitimate policy exclusion –– here, the exclusion for non-permissive drivers. The court finds no basis for modifying its earlier ruling, and accordingly will grant the relief sought.

IT IS ACCORDINGLY ORDERED this 24th day of July, 2006, that the defendant's Motion for Judgment on the Pleadings and Motion to Dismiss (Dkt. No. 26, 35) are hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE