IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATALIE LONG, Individually, as Heir at
Law, and as Special Administrator of the
Estate of CHARLES RHOTEN, JR., a
Deceased Minor, and as Parent and Natural
Guardian of JENNIFER
RHOTEN, a Minor,

    Plaintiff,

vs.                Case No. 05-1272-JTM

AMERICAN STANDARD INSURANCE
COMPANY OF WISCONSIN,

    Defendant.

MEMORANDUM AND ORDER

  This matter is before the court on the motion for summary judgment of defendant American Standard Insurance Company. The plaintiff Natalie Long is the mother of two children who were riding in the bed of a pickup truck owned by Nowak Construction Company and driven, without permission of its owner, by Jack Nowak, a minor. The truck was involved in a motor vehicle accident; one of the plaintiff's children was killed, one was injured. The truck was insured by the defendant St. Paul Fire and Marine Insurance Company. St. Paul denied coverage citing a policy exclusion for non-permissive users.

  Long filed this action against St. Paul for uninsured motorist benefits. On March 28, 2006, this court granted in part and denied in part Long's motion for summary judgment, holding

that Jack Nowak was a non-permissive user.  St. Paul subsequently filed its own summary judgment motion (Dkt. No. 26).  Long filed a motion to add American Standard as an additional party, (Dkt. No. 24), which was granted (Dkt. No. 28).  Long alleged in the amended complaint her children were entitled to the uninsured motorist benefits under the automobile liability policy which American Standard issued to Charles and Natalie Long. (Doc. 29). The court later granted St. Paul's motion for judgment, along with its motion (Dkt. No. 35) to dismiss the amended complaint.  (Doc. 39).

**Findings of Fact**

On September 5, 2004, C.J. and Jennifer Rhoten were traveling as passengers in a pickup truck driven by Jack Nowak, a minor. At approximately 1:50 p.m., the truck, traveling south on 231st Street West in Sedgwick County, Kansas, left the road and overturned, ejecting the Rhoten children. C.J. Rhoten died as a result of the injuries he sustained in the accident and Jennifer Rhoten was seriously injured.  Plaintiff Natalie Long is the natural mother of C.J. and Jennifer Rhoten.  She is also the administrator of C.J. Rhoten's estate.  Long is a resident of Sedgwick County, Kansas. At the time of the accident, C. J. Rhoten was 14 years old and Jennifer Rhoten was 15 years old.  The plaintiff alleges that Jack Nowak was negligent in the operation of the truck.

The defendant St. Paul insured the pickup truck driven by Jack Nowak.  Nowak Construction Company is the policy holder.  The defendant American Standard issued a policy to Charles and Natalie Long which could provide benefits to C.J. Rhoten and Jennifer Rhoten.

On September 30, 2004, by letter to Jack Nowak in care of his parents, Joe and Yolanda Nowak, St. Paul denied direct liability coverage for Jack Nowak under the terms of the policy as

it claimed its investigation of the accident revealed that Jack Nowak was not a permissive user of the vehicle at the time of the accident.

On January 24, 2005, Long's attorneys sent a demand letter to St. Paul. A copy of the letter was also sent to Jack Nowak's personal counsel, Duane Coyle, and Nowak Construction Company's counsel, Richard Honeyman.

On February 28, 2005, Honeyman responded to the letter. On March 1, 2005, Coyle responded to the letter. Coyle's eleven-page response letter sets forth a detailed opinion as to why uninsured motorist coverage should be available to the plaintiff under the terms of the St. Paul policy of insurance.

On March 10, 2005, Long's attorney forwarded the letters of Coyle and Honeyman to St. Paul along with a letter specifically demanding settlement under the uninsured motorist coverage provisions of the policy. Due to a clerical error, this letter sought a response to the demand by May 28, instead of an intended deadline date of March 28. Long's attorney corrected this oversight by letter dated March 22.

St. Paul did not seek any extension of the provided deadline of March 28, 2005, within which to respond to the uninsured motorist settlement demand.

On March 28, 2005, St. Paul sent a letter to Long's attorney denying coverage under the uninsured motorist provisions of the policy. The letter states:

> I have reviewed your claim for UM benefits arising out of the insurance policy held by Nowak Construction, and have determined that no coverage is available for that claim in these circumstances.
>
> Our policy form, a standard St. Paul Fire and Marine insurance Company form W029 (3-01 edition) contains the following "grant of coverage" language:

> "*We'll pay all sum any protected person is legally entitled to recover from the owner or driver of an uninsured or underinsured vehicle ...*"

We have previously denied coverage responsibility for any claims against the liability of the driver of the vehicle at issue, because that person was not a permitted driver of that vehicle, and so his use of the vehicle was outside of the bounds of our coverage. However, that denial of coverage did not mean that the vehicle itself was an uninsured vehicle. In fact, it was an insured vehicle.

The Kansas courts have specifically held that this situation does not invoke UM or UIM coverage. In *Grimmett v. Burke*, 906 P.2d 156 (Kan.App.,1995), the court stated as follows:

> Grimmett appears to argue that under K.S.A. 40-284, uninsured motorist coverage is available when the operator is uninsured even though the owner of the automobile is covered by a policy. Grimmett is wrong. "The majority view in this country, which we adopt in the present case, is that a vehicle of which either the owner or driver is covered by minimum insurance coverage is not 'uninsured' even though one of those persons has no insurance." *State Farm Mut. Auto. Ins. Co. v. Cummings*, 13 Kan.App.2d 630,634,778 P.2d 370, rev. denied 245 Km. 786 (1989).

So, St. Paul Travelers is not denying that there is coverage for this vehicle. We have denied coverage for the driver who caused the accident. Kansas law recognizes this difference. For these reasons, we must deny your claim for UM benefits arising from the Nowak Construction policy. Should you have any information that you believe would affect or change our determination, please bring it to my attention.

(Plf. Exh. 11).

On July 27, 2005, plaintiff filed a state court petition against St. Paul alleging the company is responsible for paying uninsured motorist benefits for the injuries to the Rhoten children. The matter was removed to federal court on August 30, 2005. On October 10, 2005, St. Paul answered plaintiff's allegations and denied that uninsured motorist coverage existed, in part because Jack Nowak was not operating an uninsured vehicle.

4

On December 23, 2005, plaintiff filed a motion for summary judgment seeking, in part, to exclude St. Paul's affirmative defense contending that plaintiff was not covered under the uninsured motorists protection provisions of the subject policy of insurance "because the driver was not operating an uninsured vehicle." On March 28, 2006, the court issued an order denying plaintiff's motion on that issue.

American Standard insured Natalie Long, C.J. Rhoten, and Jennifer Rhoten under a policy of insurance, which includes uninsured motorist coverage.

The policy holders and named insureds on the policy are Charles and Natalie Long. Uninsured motorist coverage is provided under the policy with limits of $100,000 per person with an aggregate of $300,000 per accident. The policy provisions governing the extension of uninsured motorist coverage are set forth under Part III of the policy, and state that American Standard

> will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle. The bodily injury must be sustained by an insured person and must be caused by accident and arise out of the use of the uninsured motor vehicle or the underinsured motor vehicle."

(Plf. Exh. 12). The term "insured person" is specifically defined in the policy, and includes the insured or a relative of the insured. A "relative" is defined to include a person living in the insured's household and related to the insured by blood, marriage, or adoption. This includes a ward or foster child. It excludes any person who, or whose spouse, owns a motor vehicle other than an off-road vehicle. (Id. at 7).

C.J. Rhoten was Natalie Long's natural son, lived in her household, and did not own a vehicle. Jennifer Rhoten is Natalie Long's natural daughter, lived in her household, and did not own a vehicle.

The term "uninsured motor vehicle" is specifically defined as a vehicle which is:

a. not insured by a bodily injury liability bond or policy at the time of the accident.

b. a hit and run vehicle whose operator or owner is unknown and which causes bodily injury to you or a relative. Physical contact with a hit and run vehicle is required. If there is no physical contact with the hit and run vehicle the facts of the accident must be proved by competent testimony of a person not making claim under this or any similar insurance.

c. Insured by a bodily injury liability bond or policy at the time of the accident but the company denies coverage or is or becomes insolvent within one year of the accident.

(Id. at 9-10).

The Nowak Construction truck at issue was insured by St. Paul by a bodily injury policy at the time of the accident. St. Paul denied coverage for bodily injury liability under the terms of its policy.

On March 30, 2006, plaintiff sought leave to amend its complaint to add American Standard as a defendant to the action in order to seek uninsured motorist benefits from American Standard as a result of the court's denial of such benefits from St. Paul.

St. Paul filed a motion for judgment on the pleadings on April 7, 2006, based upon the court's Memorandum and Order denying plaintiff's motion for summary judgment. The court granted plaintiff's motion to amend to add American Standard as a party defendant. Long's amended complaint adding American Standard as a defendant was filed on April 28.

On July 27, 2006, the court issued a Memorandum and Order granting St. Paul's motion for judgment on the pleadings.

**Conclusions of Law**

American Standard's motion for summary judgment cites the court's prior order, which followed *Hilyard v. Estate of Clearwater*, 240 Kan. 362, 729 P.2d 1195 (1986), and ultimately held that that the Nowak pickup truck "is not an 'uninsured vehicle'" and therefore there was no uninsured motorist coverage. (Dkt. No. 39, at 2)

But the court's prior order was explicitly based on the court's interpretation of the St. Paul insurance policy. Indeed, in the cited portion of the opinion, the court held that "(b)ecause the Nowak pickup truck involved in the accident was covered by an insurance policy issued by St. Paul, it is not an "uninsured vehicle" *within the meaning of the policy*." (Dkt. No. 39, at 2) (emphasis added). That is, the *St. Paul* policy. The court concluded the truck was not uninsured under a policy which provided insurance but which excluded coverage for non-permissive users.

It is axiomatic that the court must give effect to objectively stated intent of parties to insurance contracts. *Brumlee v. Lee*, 265 Kan. 810, 812, 963 P.2d 1224 (1998). If a policy does not unambiguously state the intent of the parties, the instrument is construed against the insurer. *Wheeler v. Employer's Mut. Cas.*, 211 Kan. 100, 505 P.2d 768, 772 (1973).

The American Standard's policy does not unambiguously establish that, within the meaning of that contract, the Nowak vehicle should be considered insured. Both the Rhoten children are "insured persons" under the policy. The Nowak truck was uninsured because of the effect of St. Paul's non-permissive driver exclusion. The American Standard policy provides that

a vehicle is uninsured if it is "[i]nsured by a bodily injury liability bond or policy at the time of the accident but the company denies coverage." (Plf. Exh. 12).

The court holds that the defendant American Standard has failed to show it is entitled to the benefit of the court's earlier ruling with respect to St. Paul, which turned entirely on the policy issued by that company.

IT IS ACCORDINGLY ORDERED this 23rd day of April, 2007, that the defendant's Motion for Summary Judgment (Dkt. No. 42) is denied.

                                                                                                   s/ J. Thomas Marten
                                                                                                   J. THOMAS MARTEN, JUDGE